**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL DOCKET NO.: 3:96CR47-V**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| **WILLIAM MOORE, JR.,** ) | |
|        **Defendant.** ) | |
| _____) | |

**THIS MATTER** is before the Court on Defendant's "Notice Of Motion to Reconsider Bond," filed March 21, 2006, and "Motion For Bond Review," filed April 25, 2006. (Docs. #67, #69) The Government filed a Memorandum In Opposition on March 23, 2006. (Doc. #68)

In 1996, Defendant Moore pled guilty to violating 28 U.S.C. §846. Defendant completed service of his 106-month term of imprisonment and is currently on supervised release. On March 1, 2006, Defendant was charged with violating the terms of his supervised release by possessing a firearm and committing a new crime in Gaston County, namely, assault on a female. (Doc. #61)

On March 7, 2006, Defendant was ordered detained by The Honorable David C. Keesler, U.S. Magistrate Judge. Applying 18 U.S.C. §3142, the Magistrate Judge found that Defendant should be detained for the following reasons: 1) serious risk that defendant will not appear; and 2) serious risk that defendant will endanger the safety of another person or the community. The Magistrate Judge added: "[l]ong record of convictions and arrests for serious offenses. Found with a loaded gun in car. Also has pending AOF." (Doc. #66) The Magistrate Judge also stated that the order of detention may be revisited if the assault on a female charge was resolved in the Defendant's favor.

The assault on a female charge is to be heard in Gaston County District Court on July 19, 2006. At the Government's request, Defendant's supervised release hearing was

1

continued until sometime after July 19, 2006.

Defendant now alleges "changed circumstances" exist warranting an additional bond review hearing. Title 18, United States Code, Section 3142(f) provides in part:

> The [detention] hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a **material** bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. §3142(f)(*emphasis added*). As the Government points out, much of what Defendant suggests constitutes a change in circumstances does not fall within the scope of §3142(f) as "unknown to the movant [Defendant] at the time of the hearing" or having a "material" bearing on the appropriateness of release.

Further, while the *weight* of the evidence against the Defendant is one of the factors identified within §3142(f) as relevant, a bond review hearing is not the proper venue for resolving disputed issues of fact pertaining to the alleged supervised release violations. Defendant's assault on a female charge will be adjudicated in state court.[1] Likewise, whether Defendant possessed the gun at the time of the probation officer's search is a factual question that will be resolved during the supervised release hearing.[2]

Defendant also contends he can provide additional information relating to his employment history, a relevant factor under §3142(f). Defendant represents that his

---

[1] According to the Defendant, defense counsel for the state court assault on a female charge discovered that the "purported victim" has a pending warrant for simple assault and counsel "anticipates the matter will be resolved in Mr. Moore's favor." (3/21/06 Motion, ¶¶6b, 6c)

[2] With respect to the possession of a firearm allegation, Defendant proffers Lateesha Hines' affidavit. (Exh. A) Lateesha Hines, defendant's fiancé, avers that the gun found in the car at the time of Defendant's arrest had been acquired by Hines in 2003-2004 for personal safety. Hines further avers that Defendant did not know that the gun was in the car. The Government's response, however, indicates that the gun was registered to the Defendant. Presumably, the Government has documentary evidence to that effect though none was attached to the brief.

previous employer, American Freight Transportation, is prepared to present documentation 1) indicating that Defendant may return to work upon his release from custody and 2) tending to show that Defendant is not a flight risk or a danger to the community. (3/21/06 Motion, ¶6d) Defendant also wishes to present W-2s confirming his employment since his release from incarceration. (3/21/06 Motion, ¶6e) However, it is unlikely that Defendant was unaware of these records at the time of the March 7, 2006 detention hearing.

Most importantly, pursuant to 18 U.S.C. §3583(g)(2), revocation of Defendant's supervised release is mandatory if the Court finds, by a preponderance of the evidence, that Defendant possessed a firearm.

For these reasons, the Court finds that an additional evidentiary hearing is not warranted at this time. Nonetheless, Defendant may supplement his motion and present <u>documentary</u> evidence for the Court's review. Absent any further order from this Court, the issue of Defendant's eligibility for bond will be addressed at the time of Defendant's supervised release hearing.

**IT IS THEREFORE ORDERED THAT** Defendant's motion for bond review is hereby **DENIED**.

Signed: May 25, 2006

Richard L. Voorhees
Chief United States District Judge